Littleton, Judge,
delivered the opinion of the court:
The question in this case is whether plaintiff, a class B agent finance officer at Kelly Field, Texas, to Major W. D. Dabney, Army Finance Department, who was then stationed at Fort Sam Houston, Texas, is entitled to relief from responsibility for the unauthorized payments as agent finance officer on the ground that he was without fault or negligence.
Section 145 of the Judicial Code gives this court jurisdiction of the claim of any paymaster, quartermaster, commissary of subsistence, or other disbursing officer of the United States for relief from responsibility on account of loss by capture or otherwise, while in the line of his duty, of Government funds, for which such officer has been held responsible ; and section 147 provides that whenever the court ascertains the facts of any loss by any disbursing officer in the cases above mentioned to have been without fault or negligence on the part of such officer, it shall make a decree setting forth the amount thereof, and upon such decree the proper accounting officers shall allow to such officer the amount so decreed as a credit in the settlement of his accounts.
Plaintiff contends that his actions and conduct in making the disbursements involved here were authorized and were in accordance with the law and the Army Regulations, and that he was without fault or negligence. On the other hand, the defendant contends, first, that the sections mentioned *740 give this court jurisdiction to relieve disbursing officers only in cases where there has been a physical loss of funds, etc., either by capture, robbery or theft, fire or flood, or by unavoidable accident, and that the claim for relief here involved does not present the hind of a loss contemplated by the statute; and, second, that plaintiff, as an agent disbursing officer, was not authorized under the statute and the regulations to turn money over to another person to disburse for him and he is pecuniarily responsible to the United States for any wrongful disbursement or loss, even though responsible care is exercised.
In view of section 9 (a) of the act of June 4, 1920, 41 Stat. 759, 766, and Army Regulations 35-120 and 35-320, the Judge Advocate General was correct in holding that the responsibility of plaintiff in connection with his duty as a class B agent officer must be measured and determined not solely in relation to Lieutenant Van Meter’s part in the matter but, if he is to avoid primary responsibility, it must appear that the loss was not traceable to his own' failure in the first instance to observe the limiting laws and regulations governing the duties of class B agent officers. Agent officers of paymasters or disbursing officers are authorized and provided for by the statute and the regulations to protect the Government against such loss as is involved in this case and to insure that money is disbursed only to the persons entitled to receive it by someone directly accountable to the Government. Section 9 (a) of the National Defense Act of June 4, 1920, supra, amending the act of June 3, 1916, provided that—
“ under such regulations as may be prescribed by the Secretary of War, officers of the Finance Department, accountable for public moneys, may intrust moneys to other officers for the purpose of having them make disbursements as their agents, and the officer to whom the moneys are intrusted, as well as the officer who intrusts the money to him, shall be held pecuniarily responsible therefor to the United States.”
The regulations prescribed by the Secretary of War pursuant to this statute, and contained in A.R. 35-320, of 1922, provided that officers to whom public moneys are, by *741 accountable officers, Intrusted for disbursements are as agent officers; that they are divided into two classes, (A) and (B); that class A agent officer or officers, other than duly appointed finance officers, are detailed by local commanding officers as agent, or for the purpose of making specified payments, and that class B agent officers are “ officers who are detailed as finance officers of posts, camps, stations, or other commands, either by the War Department or by local commanding officers who are directed by the Chief of Finance to perform their duties as agent officers instead of as accountable officers.” It is specifically pointed out in paragraph 1 (c) of the Army Regulations that the provision of the statute, to the effect that officers of the Finance Department who intrust moneys to other officers for the purpose of having them make disbursements, as well as the officer to whom the monies are intrusted, shall be held pecuniarily responsible to the United States, applies to agent officers including responsibility for all erroneous payments, errors in computation of vouchers, etc. And paragraph 2 provides in part that “when it is impracticable for the accountable disbursing officer to make payments to troops and others in person without undue delay, agent officers will be detailed as provided in paragraph 3, to make such payments, or such part of such payments as it may be deemed desirable to have them make.” We think it is clear under the statute and the regulations that agent officers, being authorized solely for the purpose of making payments to the persons entitled to receive money from the United States, cannot escape responsibility for funds lost to the Government when they are. intrusted to someone else for payment. We can find nothing either in the law or in the regulations authorizing an agent officer to deliver money to any other person to be disbursed. Although plaintiff exercised all reasonable precautions in verifying the pay rolls prepared by or under the direction of the camp quartermaster, he acted upon his own responsibility and, we think, in violation of the statute and the regulations in turning the money over to a clerk in the quartermaster’s office to be disbursed by him. If an agent officer may do this he would be *742 defeating the primary purpose of the law providing for agent officers to make disbursements for accountable finance officers. He would be creating without authority of law or the regulations a subagent to perform a duty involving a high degree of trust and responsibility which he is specifically designated under the law to perform, and for the proper performance of which the law holds him and the accountable officer both pecuniarily responsible. Plaintiff was warned by the regulations that he would be held responsible for all erroneous payments.
There was a practice at Kelly Field for the commanding officer to authorize the agent officer to turn money over to the various troop commanders for payment of the troops each month, but no authority was given for a similar procedure for the payment of quartermaster employees. It is evident that the possibility of loss of funds through such procedure for the payment of troops would not be as great as the possibility of loss through fraud or embezzlement through a similar procedure for the payment of civilian quartermaster employees. But whether the procedure with reference to the payment of troops was regular or irregular, it seems clear to us that the agent officer had no color of authority to adopt a similar procedure with reference to the civilian quartermaster employees.
In view of the Army Regulations and the circumstances of this case, we cannot find as a fact, as required by section 141 of the Judicial Code, that plaintiff was without fault or negligence, and we may not, therefore, enter a decree relieving him from responsibility for the amount of $484.64 claimed. The case appears to be a proper one for relief by Congress.
The petition must be dismissed. It is so ordered.
Williams, Judge; and GREEN, Judge, concur.
Wi-ialet, Judge, dissents.
Booth, Chief Justice, did not hear this case, on account of illness, and took no part in its decision.